Elden v. Nirvana, Case No. 22-55822. Counsel, when you're ready, please proceed. Thank you, Your Honor. May I please support? My name is Bob Lewis and I represent Spencer Elden, the plaintiff appellant in this case. In 1991, Spencer Elden was a mere four months old. He was thrown into a swimming pool in Pasadena, California. And photographs were taken of his frontal nude body. Why? To sell albums. That image was pasted on the front of the album or a grunge band of these defendants. The Supreme Court has recognized in the Paroline case that every viewing of child pornography is a repetition of the victim's abuse and the unlawful conduct everyone who produces, distributes, and possesses the image of the victim's abuse plays a part in sustaining and aggravating the victim's injury. And that is, Your Honor, the gravamen of this case. The recognition that every distribution and possession of child pornography, even in adulthood, is a re-perpetration of the initial perpetration. There's different iterations of the statute of limitations. So there's one that was put into effect in 2022, but you don't contend that applies to this case? No, we don't. We sued before that became effective, Your Honor. Okay. So the operative law here is the one that was enacted in 2018? Yes, Your Honor. Okay. Yes. And so we believe that the gravamen has to do with the fact that with each distribution, whether it's as a minor or as an adult of the victim, is a re-perpetration of the original injury, which was the production of the child pornography. So, excuse me, those statements about each redistribution as a separate injury were made in a somewhat different context. Has that ever been made in this context? Or what's your basis for claiming it in this context? I'm sorry, Your Honor. I didn't quite, the sound isn't very good. I'm sorry. I apologize. I'll speak more directly into the microphone. I was worried about your statement that each redistribution is a separate, standalone injury. And the cases you cite, like Paroline and other cases, were made in that statement in a different context. Why does that context apply here? And how do we know that it applies here? Well, Paroline, you're right, Your Honor, concerned restitution in a criminal case. But the same principle applies as Justice Kennedy, who wrote that decision, said every viewing or distribution is a re-perpetration. But there are, in fact, cases involving situations, which we cite, including Amy versus Curtis as an example, the Voitner case, which involves situations just like here, where you have an original perpetration with the production of child pornography as a child and later adulthood redistribution of possession. And those are 2255 cases, just like we have here, Your Honor. So yes, we do have a plethora of cases, laws, which have been issued since these amendments that we talk about in our briefs have been made that routinely hold, just like here, where you have an original child pornography production and later in adulthood, these images continue to be circulated that the adult has the right, under the law, as amended, to bring claims under 2255. The issue here, Your Honors, is what, under the statute of limitations, is what is the violation or the injury that was discovered within the last 10 years? The District Court found that the violation forming the basis for the claim is the production and distribution of the image while Spencer was a minor more than 10 years before we brought the lawsuit. That was erroneous because it ignores the fact which the Paralink Court, Congress, and the courts have uniformly recognized that the distribution of child pornography in adulthood is re-perpetration and re-injury the initial violation. In the case of those re-perpetrations and re-injuries continuing to this day in this case, and they form the basis of the claim, Spencer, of course, could not have discovered these re-perpetrations and re-injuries until they occurred all within the last 10 years. The District Court thought it was significant that Spencer was alleging that the victimization by the same defendants. How do you respond to that? Yes, thank you, Your Honor. That does seem to be the important distinction from the District Court's point of view between this case and the other 2255 cases that we've cited. It's our view that that is the distinction without a difference. Nothing in the statute supports this distinction. I point out that the statute of limitation trigger, and that has to do with the changing of the statute of limitations of which the amendment which we discussed, the statute of limitations trigger under the statute of limitations law applying here is the discovery of the violation or the injury, not the violator. A violation is a violation and an injury is an injury, and we don't believe it's of any moment whether the violator was the producer of the child pornography or not. Indeed, I would suggest to Your Honors that that distinction, the construction given by this District Court makes the discovery rule in this case superfluous, whereas here the distributor is a producer and the victim is over the age of 28. In other words, the producer of the child pornography gets a get out of jail free card and can distribute those images with regardless of the continuing re-perpetration by the very producer of that child pornography. What do you allege happened in the 10 years prior to filing the complaint? Additional redistribution of the image? Yeah, so this is a very popular album, Your Honor, which has continued to be distributed even 30 and 31, 32 years later. In fact, there was a 30th anniversary of this back in 2021 and they reissued the album. So our allegation which we think we can prove and it's not really disputed is that the distribution and sales of this album with our client's image on the cover has continued to this day. And so we're suing to prevent the continued distribution of this album with the image of our clients as well as suing for injuries suffered in the last 10 years before we brought the lawsuit. So is it your position that every time a copy of this album is sold, that's another injury? Yes, it is or distributed or possessed. And under the damages provision of 2255, we can choose either to get the liquidated damages or prove the actual damages suffered by our client. And that has been held by multiple courts uniformly over the last number of years, Your Honor. There's really no dispute about that. I want to point out another anomaly that is created by the District Court's construction and that has to do with the fact that it treats copyright infringers much better and differently than child sex abuse victims. And why do I say that? Well, this is a compelling reason to reject this argument because you must understand that 2255 was in large part modeled after the copyright laws. That's why, for instance, both in copyright law and under 2255, there's a liquidated damages clause for $150,000 in liquidated damages. But if you look at the statute of limitations as it's construed by the courts in the infringement area, which is very similar to this one, also has the same discovery rule, although there's a three-year look back rather than 10-year look back. Under that, each infringement, Your Honor, triggers a new statute of limitations period, even if the infringement is ongoing and the initial infringement was discovered outside the statute of limitations period. I cite in our brief to the Petrella case, a Supreme Court case of 2014, as well as the Ninth Circuit case of Raleigh in 1994. So let's just think about what the implications of that are, Your Honor. I presume that Nirvana, these defendants, have copyrights to their songs, but also to the cover of their album, which includes the child pornography image of my client. Under the interpretation of the statute of limitations law and copyright law, which is the construction we're These defendants, Nirvana DeMint, will be able to continue to enforce their copyright to the end of the copyright that they have, which is decades from now. Under the construction given by the District Court, Spencer is left out in the cold after he reaches the age of 28. I urge the court to consider those copyright cases and once again, consider the fact that really this law is modeled after those laws and that the statute of limitations in the copyright area is very similar to the one here. Spencer Elden has been and continues to be victimized by these defendants and under the applicable statute of limitations, he is entitled to pursue his claim for an injunction and to stop the reperpetrations of these injuries suffered in the last 10 years. Thank you, Your Honor. Are there any more questions? Let's not look as if there is. Would you like to reserve time? I would, please. Thank you. Good morning, and may it please the Court, I'm Burke Dykeslow. This case presents a straightforward question of statutory interpretation of 18 U.S.C. 2225, in effect as of September 2, 2022, when the District Court entered judgment. When Justice Kagan conceded to the memory of Justice Scalia that we are all textualists now, the framework for the decision here was established. We've cited a horde of cases standing for the obvious propositions that in statutes, the same words have the same meanings, different words have different meanings, and words are to be construed in accordance with a plain meaning expressed intent of the statute. Justice Gorsuch in the Bostock case reminded us that only the words on the page constitute the law adopted by Congress. With that framework, I'd like to focus on the language and the plain meaning of the statute that Congress actually introduced a look-back statute of limitations, which has been suggested by the appellant. And for these purposes, I'm going to pretend that the iconic album that has sold over 30 million copies since 1991 and has been streamed or downloaded over three billion times in that period and is part of the permanent collection of the Museum of Modern Art would constitute a child pornography under the relevant statutes. There were three paths that Mr. Eldon had in order to protect the rights that he claims to have been violated. The first was that within 10 years of his no longer being a minor, he could have brought a lawsuit that would have been at 28 years old. He missed that window. And so what remains under the statute are two possibilities. Possibilities which were analyzed with care by the district court and strictly adhere to the language of the statute which the court is being asked to review de novo and construe. Either Mr. Eldon would be able to demonstrate that he had reasonably discovered a violation that formed the basis for his 20 years or an injury that formed the basis for the claim. The court found that the notion of his having discovered the violation for the first time after he was 28 is completely unsupported by the record, completely unsupported by the amended complaints in this action. Why don't you focus on the injury because I think that's the harder part of your argument. Yes, so I'm happy to. I think the question of injury is demonstrated by Judge Sutton's opinion in the circuit. I think Judge Sutton accepts the notion that the injury occurs upon the publication whether the person knows of it or not and the two-part test for injury. You mean the original publication? Yes, the original publication constitutes under Judge Sutton's analysis and I think under the various decisions of the district courts, which we have cited in Connecticut, New York, as well as Vermont that the injury occurs at the time of the original publication. What the statute provides for under the question of injury is first the violation has to occur when the claimant is a minor, but the injury can occur in two circumstances regardless of whether the injury occurred while the person was a minor, which is to say that an injury can occur in the hypothetical suggested by Judge Sutton in that case that a second person downloads years after the and in turn creates a new injury for the new violator because it is inconceivable that the statutory formula here would allow for the passage of 10 years for a person to be aware of an injury, be aware of the persons who created the injury and have the injury occur every single day during that 10-year period without having a need to file. I always analogize it to the kind of multiplicious arguments that were raised when I was assistant United States attorney. It would be charging the same party with the same offense. The easiest example is the possession argument, which I've heard counsel make. That is that every one of the 30 million people who presumably possess this album every single day have created a violation and that every single day the 10-year statute would begin to run again and every single day that person could be sued by the same claimant completely aware of who the owners of the statute of these albums are. It's inconsistent with a notion on any statute of limitations. And I note that's obviously where Congress eventually got to, right? And I think that proved positive that they intended for the 2255 that was construed by the district court to have a stop period and not to have a look back. But why isn't new distribution a new injury? Why doesn't it cause a new injury based on the original violation? The original violation constitutes in and of itself the injury. The same parties doing the same thing cannot give rise to a new injury. Otherwise, as I had suggested, you will have the example of a person every day owning an album being subject to being sued. Well, what do we do with the is a Paroline example? So the opposing counsel raises Paroline and in that context, certainly the redistribution of the child porn video was a new injury. And so to the extent and there certainly doesn't seem to make any difference whether the person who created that image does a redistribution or some third party. So what do we do with that with that example? I just think it's apples and oranges because of the construction of a particular statute and the and the teachings that we have from a half dozen district courts as well as the Sixth Circuit on on this question of injury. So while I understand Justice Kennedy's position in that sort of criminal case that doesn't bear on the analysis that is that has been undertaken by the various courts and certainly not by the analysis that was undertaken by the district judge in this case, right? Why isn't it considered conceptually how we how we understand injury? Why isn't it relevant here? Because what you seem to be saying is somebody could, you know, make child pornography on day one. Everybody knows about 20 years go by and then the person doesn't, you know, starts redistributing the same image again. And by the logic of your position, the plaintiff I don't think would have a claim. The plaintiff wouldn't have a claim because of the passage of the statute of limitations. If you know all the whole point of a statute of limitations is that one knows that he's been victimized, who the victimizer is, and as a result of the definition has suffered injury. So yes, if the statute of limitations has expired in connection with with a violation, then the person sacrifices his rights. In the context of the new statute, that wouldn't matter. Under the new statute, which is not at issue here, there would be no statute of limitations. And that's how Congress decided to address the concern that has been expressed by your honor. Does your theory apply in the copyright context? The opposing counsel says we don't do copyright that way. Yeah, so again, I find myself constrained by the language of the statute that the court's being asked to construe. And the copyright statute protects different issues for different reasons and contains different language. In this context, the legislature on four or five separate occasions addressed what harm it sought to correct, identified a formula for working it out, and has ultimately concluded that no statute of limitations is appropriate. At the time that this district judge was asked to analyze the issues in the case, it was a 10-year statute of limitation based upon reasonable discovery with no possibility that the plaintiff in this case wasn't aware from the time he was a little boy that he was the nirvana baby. Indeed, he reenacted on several occasions for money what he now claims is the violation of his rights and marketed himself in that fashion. Well, this kind of gets into some other defenses you may have to the claim. But the issue here is the statute of limitations. I'm still troubled by the implication of the argument in the sense that it seems that what's driving a lot of the law in this area is the understanding that even when somebody becomes an adult, the later redistribution of an original image of child you would you would say that that person should have sued before and it's the same if it's a different violator, a new distributor, they would have a claim. But if it's the same distributor of the same person, you wouldn't. Yeah, that's precisely the point of statute of limitations respectfully, your honor, which I acknowledge has been changed after the ruling in this case. The legislature in its wisdom determined that there should be a period by which these lawsuits should be filed against persons who were known to have victimized the the claimant and after that time period has expired those claims cannot be cannot be brought. The definition of injury was at the time of the publication. That's just something very clear on that and the district judges that have followed that analysis have been equally clear about it. Why does the statute address this in two parts? The statute clearly says it expires 10 years after the discovery of the violation or the injury and if the violation and the injury are the same thing or occur at the same time, why do we need a separate statute for a discovery of the injury? Yeah, I think there's an analytic difference between a violation and an injury as follows. The violation is the is the committing of the predicate act under the 2255 claim that stands sort of independently. The violation isn't just the production of the child pornography or in the photographs with video. It's more than that. It's distribution possession. There's multiple ways to violate the statute. Yes, it's a for for broad terms. I'd say it's the publication of the of the offending material the injury that comes from it can be known or not known at the moment of its publication so that it is this kind of tree falls in the forest and there's no one there to hear it. So while analytically an injury occurs under Judge Sutton's analysis at the time of the publication as a practical matter until one knows that publication has occurred. There's no reasonable notice that you have a claim. Once that happens again, you can then bring the lawsuit under either of those two two provisions that we've been discussing. So there while they're not precisely the same. There's no doubt that the fact of the violation triggers an injury and the question then becomes does the victim know he has been victimized. That's really what what Judge Sutton was focused upon and that's why he gives the hypothetical of years later another person downloads the offensive video and that gives rise to a new claim. So here years later, there's a redistribution of the album. That's a violation, but it didn't occur when the plaintiff was a minor, but at the same time, it's that it's a violation. It's also an injury a new injury. It's not an actionable injury. However under the statute because if the distribution occurs when the plaintiff is no longer a minor the statute doesn't apply to to well, it doesn't apply for the to the claim that would be based on the violation. But what about the claim based on the injury and violation and injury are separate concepts. So it seems that what you're addressing is handled by the damages. So the damages would be very limited because the all the pre-existing injury that doesn't come in. So if there's a new violation, but there's also a new injury statute begins to run and you can bring the client. Yes respectfully not because the same person knowing of the violations and having suffered the same injury inflicted by the same parties under the under the pre-existing statute of limitations. The one that is in question here will have lost the rights to proceed. It cannot be that the very same parties engaging in very same acts that they had engaged in since 1991 could trigger a new injury and a new right to bring an action. All right. I see my time is about to expire unless the court cares to ask additional questions. I guess I should sit down before the ejector seat goes off. But I will say only that believe the court should affirm that judgment. All right. Thank you. Mr. Lewis. Thank you your honors. I want to address four points. First of all counsel suggested that the interpretation we're urging is somehow unique in that we ignore the fact that we knew Spencer knew who the violators were all this time. I already pointed out that's not a unique construction. That's precisely the construction given by the Supreme Court and the Ninth Circuit in the infringement area. And if you look closely at that you'll see that the statute of limitations in both areas are very similar in that case in that situation unlike here. However, it was the courts that imposed the discovery rule not the Congress. My adversary also suggests that the statute of limitations somehow says that if you're 28 years old you have no right to then rely on the discovery rule which we've been discussing. But that's clearly not right. If you look at the statute it says it's an either or it says that you any action commenced under this section shall be barred unless the complaint is filed. And this is discovery rule not later than 10 years after the date on which the plaintiff reasonably discovers the later the violation that forms the claim or the injury that forms the claim or it's or not later than 10 years after the date on which the victim reaches 18 years of age. So my point is that and I pointed this out earlier that under the construction given by the district court you essentially get rid of the discovery rule here where the victim is over the age of 18. I'm sorry over the age of 28. Counsel's right and I think the questions from the court are right that yes each violation because of the nature of child pornography each violation is essentially a simultaneous injury to the plaintiff and those injuries continue with each reperpetration re-injury whether it's distribution or possession. So the question then becomes well, why then would Congress in the discovery rule separate injury and violation the reason for that is the predicate crimes pursuant which are required to be shown under 2255 a are not only child pornography crimes, but also include for instance child sex abuse which does not involve the production of child pornography and in those cases you have the injury which is I'm sorry the violation which is the sex abuse and then later say in adulthood you have the victim who discovers or first realizes the injury caused by that. So that distinction is important for those kind of cases in this case as we've argued you have the original violation and that is the one that then causes the injury and it's the injury that form that were later injury in adulthood which forms the basis for a claim. I just want to make one quick comment on the suggestion which in a way isn't too relevant to the to the to the to this particular appeal that somehow all of those people who bought the album or downloaded it are going to be sued by Spencer for the injury. There is a sign inter element connected to the child pornography laws and it requires that the person who possesses produces or distributes know that they are essentially sexualizing an image and a baby in this case and we made various claim allegations in our complaint that make clear that these They were doing why then did they have to put frontal nude image rather than another image. They had other images and Spencer. They could have put on this album Kurt Cobain in his diaries make clear that he's into a state of masochistic abuse of children. All of these allegations suggest that these defendants well knew what they were doing and would distinct we would distinguish that from those who simply went out and bought the album. There's also an affirmative defense which is if you possess less than three images of child pornography. Yeah, you're not violating that criminal statute. I will close unless there are further questions from the court. Thank you counsel. Thank you both for your arguments this morning. They were very helpful.
judges: IKUTA, BADE, BRESS